## BADGETT vs. JORDAN.

1. PRACTICE: *Appeals; Construction of statute to reverse, vacate, or modify judgments.*

   By sec. 566, Civil Code, concurrent jurisdiction is given to the Supreme and Circuit Courts for correction of errors of the Circuit Courts, in some, but not in all cases. Errors of law in rendering judgment, must be corrected by the Supreme Court, by appeal or writ of error, and a motion to correct in the Circuit Court is unnecessary; misprisions, or other irregularities enumerated in subsequent sections, must be corrected by the Circuit Court, and motion or complaint to correct them must be filed and determined in the Circuit Court before an appeal will lie to the Supreme Court.

2. INTEREST:

   A note bearing interest over 10 per cent. per annum, from due until paid, carries the stipulated interest to the date of the judgment, and the judgment bears 10 per cent.

APPEAL from *Pulaski* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*Collins,* for appellant.

*Rose,* contra.

WALKER, J.:

Suit was brought by Jordan in the Pulaski Circuit Court, against Badgett, upon the following note:

"March 14th, 1870.

Eight months after date we promise to pay to the order of Charles T. Jordan, one thousand and nineteen dollars and twenty-eight cents, with interest at the rate of thirty per cent. per annum, after due, until paid, for value received.

(Signed),          .  I. HARP,

NOAH H. BADGETTT."

Badgett was duly served with notice, but interposed no defense, and judgment by default was rendered against him.

Badgett vs. Jordan.

At a subsequent day of the same term he appeared by attorney and on his motion the judgment was set aside; failing to make further defense, final judgment was rendered against him (after allowing certain credits) on the note for a balance of $789.28 principal, and the further sum of $1019.52, damages, as interest thereon, making in all, the sum of $1808.80, with interest thereon at the rate of thirty per cent. per annum, from the date of the judgment until paid.

No exceptions appear to have been taken as to the validity of this judgment, no motion made to set it aside, nor any appeal from it asked of the court below. But the case is brought into this court under the statute practice, by an appeal granted by the clerk of this court.

The objection to the validity of the judgment, is, that after judgment rendered for the debt and the interest due up to the time it was so rendered, at thirty per cent., the amount contracted to be paid, it was error in the court to render judgment at the rate of thirty per cent, per annum, upon the amount of debt and interest then found to be due, but that the rate of interest should have been from that time, ten per cent., not thirty per cent.

It is objected, that conceding this to be erroneous, yet as there was no objection made to the judgment in the court below, none can be raised in this court, or in other words, that in all cases where the court below, if appealed to, could correct the error, the party complaining must ask to have the correction made there, and, if refused, this court, as a court of errors and appeals, will consider the correctness of the decision and judgment of the court below, and correct its judgment.

The steps necessary to be taken, in order to bring here questions of law, as to the validity of the pleadings and of the facts necessary to sustain an issue upon them, have been frequently presented for

our consideration ; but the practice as to the manner of bringing before the court, errors of law arising in the rendition of the judgment itself, not involving the consideration of the pleadings and the evidence, as prescribed by the Code practice, although incidentally brought into consideration, is for the first time directly presented.

Sec. 4, art. vii of the Constitution, confers power in the legislature to prescribe the mode of bringing cases from the Circuit Court to the Supreme Court for its revision.

After this, the Code practice was adopted. Title 12, sec. 566, provides, "that a judgment rendered, or final order made in the Circuit Court, may be reversed, vacated or modified, either by the Supreme Court, or by the court in which the judgment was rendered."

"Sec. 567. A judgment or final order may be reversed or modified by the Supreme Court, for errors appearing in the record."

The language of this section is broad, and refers to all errors of law committed at any stage of the proceeding, including the final judgment.

"Sec. 568. The proceeding to obtain such reversal or modification, shall be by appeal prosecuted as prescribed by law."

Let us pause at this point, to consider these sections apart from those which follow.

Sec. 566, gave concurrent jurisdiction to both the Supreme and the inferior court, and if this concurrent jurisdiction had been intended to extend to all cases, there would have been no necessity for conferring exclusive power in sec. 567, and providing for the manner of getting the case before the Supreme Court in sec. 568.

It is evident that the legislature had a purpose in making these provisions, the effect of which was to distinguish the character

Badgett vs. Jordan.

of errors over which the two courts should exercise jurisdiction, and this is made manifest by the next sec. 569, and the succeeding sections.

By sec. 569. "A misprision of the clerk shall not be ground for an appeal, until the same has been presented to and acted upon in the Circuit Court."

"Sec. 570. Rendering judgment before the action stood for trial, shall be deemed a misprison."

"Sec. 571. The court in which the judgment or final order has been rendered or made, shall have power after the expiration of the term, to vacate or modify such judgment or order.

"*First*—By granting a new trial for the cause and in the manner prescribed in sec. 375.

"*Second*—By a new trial granted in proceedings against defendants constructively summoned.

"*Third*—For misprision of clerks.

"*Fourth*—For fraud practiced by the successful party.

"*Fifth*—For erroneous proceedings against infants, married women, or persons of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"*Sixth*—For the death of one of the parties before judgment in the action.

"*Seventh*—For unavoidable casualty, or misfortune, preventing the party from appearing to defend.

"*Eighth*—For error in a judgment, shown by an infant in twelve months after arriving at full age."

No one can look at these provisions without seeing that they are exclusively confined to misprisions or intervening casualties which prevented a proper adjudication of the case, and not for errors of law in rendering the judgment of the court; or, in

other words, such errors as should be first disposed of and corrected in the court below, before the final judgment of the court below was brought to this court by appeal or writ of error, for reversal or modification.

The first four causes to be reached by motion in the court below, the last four by complaint in the same court; for which provision is made in secs. 572 and 573.

Thus we find the concurrent jurisdiction conferred in sec. 566, divided, and the manner of reaching the errors and correcting them prescribed. Errors of law in rendering the judgment, to be corrected by the Supreme Court; misprisions, or other of the enumerated irregularities to be corrected by motion in the Circuit Court, or by complaint filed for that purpose, and there determined, before an appeal will lie to this court.

It was to compel the observance of these provisions that sec. 886, ch. 3, was enacted, which provides that "A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled."

It is upon the proper construction of this section, that the whole controversy upon this point turns. If construed, as applicable to all proceedings to reverse or modify a judgment, whether the error be of law, or a misprision, then, until the motion is made and overruled in the court below, this court has no jurisdiction of this case, as no such motion was made.

On the other hand, if limited to proceedings provided for by motion to correct misprisions, then, as the question presented for our consideration is one of law, for error in the rendition of the judgment, there was no necessity for making any such motion before appealing to this court.

What are we to understand from the language of the act, " for an error which can be corrected on motion in the inferior court?"

Badgett vs. Jordan.

Most clearly, that there were errors which could not be corrected by motion, but such as were to be corrected by motion in the preceding sections, and no others; the last four irregularities to be corrected, were to be reached by complaint or petition and not by motion; of course, it could have no reference to these, nor to any others than those provided for by motion. Errors of law in the rendition of the judgment, were not one of them, and consequently sec. 886 has no application to the case.

The error complained of in this instance is very different from such as precede the rendition of the judgment, and for which the judgment should be reversed, because these should be reached by an appropriate proceeding to have the error corrected before the judgment is rendered; but when none of these occur, and when the error consists in pronouncing the law or applying it to the state of case made, there is nothing upon which to predicate the motion.

If error, it is error of law, once pronounced by the court, and unless upon a motion to reconsider its own judgment, which would in effect be, to ask of the court to adjudge again, the error stands to be corrected.

The legislature, if it had thought proper, would have imposed terms to be performed in practice to bring up the question, but having failed to do so, and expressly given the right of appeal to correct errors of judgment, we cannot, under any fair construction of the statute, deny the right of appeal, by requiring a motion to be first made in the court below to set the judgment aside.

We have reached our conclusions, in regard to the practice prescribed by the Code, to correct an erroneous judgment under the practice, without any reference whatever to the practice in correcting errors of law, which arise in the progress of the case, whether in the pleading, or in the application of the law to the facts necessary to establish the issue formed.

These are usually presented by demurrer to the pleadings, motion for a new trial for errors of law, in regard to the evidence, or the instructions to the jury, or in arrest of judgment. The motion for a new trial, is to set aside the verdict or finding of the facts, upon some ground which renders it proper that the facts should be again investigated and determined.

The motion to arrest and stay the rendition of the judgment, is because no sufficient issue in law has been presented, to warrant a judgment upon the facts found. Each of these, in the contemplation of law, precedes the rendition of the judgment, and if errors have arisen may tend to vitiate it.

With regard to all this we have nothing to do in this case, but leave the practice as now settled, to stand unimpaired or unaffected, by the determination of the case now before us.

It is of the utmost importance that the practice as settled, should stand; any doubt or uncertainty with regard to the practice in bringing cases before this court for revision, until clearly understood by the profession, must, as it has, result seriously to the prejudice of the rights of litigants; conscious as we are, that such may be the effect of our decision, if not properly guarded, we have declined to look behind the case presented; in the determination of which, the restrictions upon the rights of appeal have only been incumbered to the extent prescribed by the statute.

In reaching our conclusion with regard to the construction to be given to these Code provisions, we have carefully looked into the decisions of several of the State Courts under a like Code practice, which, we think, upon a fair consideration sustain the construction which we have given to ours.

The State of Iowa has a Code practice substantially like ours, which has, upon several occasions, been before the Supreme Court of that State for consideration.

Badgett vs. Jordan.

In *Dickey* v. *Harman*, 26 Iowa, 502, the action was on a note. The defendant made default, and judgment was rendered upon an erroneous computation of interest made by the clerk.    Upon appeal from the District Court, Ch. J. Dillon, said: "On examination we find, that there was an error against the appellant in the computation of the amount due.    Under the statute, however, this kind of an error should be corrected on motion in the District Court and cannot be reached by appeal.    No such motion has been made in the District Court, nor has any question ever been made and presented by the defendant to that court.    The judgment of the court will be affirmed."

Why affirmed?  Because, says the judge, "This kind of an error should be corrected by motion." What kind of an error? An error of miscalculation of interest, a clerical misprision.

This is just what we would say, if a like case was presented to us.

But the case we are considering, is not one of clerical misprision, but an error of law in rendering judgment upon a correct computation of interest, contrary to law.

This decision is not against, but in support of our construction of the statute.

In *Webster* v. *St. Paul and Rapids Railroad*, 27 Iowa, 37, the error complained of was a clerical misprision, and decided as the case of *Dickey* v. *Harman* was.

In *Pigman* v. *Denny*, 12 Iowa, 386, the irregularity complained of, was in the service of the writ.

In *Carlton* v. *Byington*, the irregularity was in filing a paper.

These irregularities were also, and for like reason, held to be proper subjects of correction in the court below.

Judge Dillon, in *Carleton* v. *Byington*, clearly draws the distinction between misprisions or other irregularities, and errors of law, in the rendition of the judgment; "when," he says, "the

appellate court can only try legal errors," in contradistinction to "misprisions or irregularities, which should first be presented by motion to the Circuit Court for correction."

The Court of Appeals of Kentucky, under a Code practice like our own, has given the same construction to those sections, which we give.

In *Williams* v. *Barnes,* 13 B. Mon., 330, two errors appeared in the record, one for rendering judgment for a larger sum than was due, the other for an error in the computation of interest. The court said : " The wrong computation of interest was a clerical misprision, and the judgment for that cause would not be reversed, because it could be corrected by motion in the court below.   But in the error for rendering the judgment for the sum of $150, the judgment is reversed and the cause remanded for further proceedings."

In this case, two errors were before the court ; the first, a clerical misprision ; the second, error in rendering judgment. The court say, that the misprision should have been corrected in the court below, but for the error in rendering the judgment, they did take jurisdiction and reversed the case.

Looking to our own decisions, made since the Code practice was introduced in 1869, we find but few of them which aid us in reaching a proper conclusion as to the proper construction to be given to the sections under consideration.

In the case of *Steck* v. *Mahar,* 26 Ark., 536, the question arose upon the proper practice in reaching errors committed during the progress of the case ; in regard to which Ch. J. McClure said : "A motion for a new trial is essential to correct the errors growing out of the evidence or instructions, before an appeal can be entertained by this court."

"Where the errors complained of do not relate to such as grow out of the evidence or instructions, but are apparent on the

Badgett vs. Jordan.

record without the invention of a bill of exceptions, there is no necessity for making a motion for a new trial, and the cause in such case, may be brought to this court without making the motion."

This opinion is but a repetition of what has been repeatedly decided by this court; having no reference, however, to the state of the case before us; none to the Code practice for the correction of erroneous judgments; but so far from being an authority in support of the proposition assumed by the appellee, is decidedly to the reverse, upon general principles.

But the decision in that case can have no controling influence in the decision of this. No error is complained of here, either in regard to questions of law growing out of the evidence, or of the pleadings prior to the rendering of the judgment, but an error apparent upon the record of the judgment rendered, one patent upon the record, and from which by the express provisions of sec. 567, an appeal is given.

In *Merriwether* v. *Erwin*, 29 Ark., 37, the action was assumpsit, issue formed and trial by jury, verdict and judgment. Exceptions were taken, but no motion for a new trial was made. The question presented was like that of *Steck* v. *Mahar*, and decided upon the authority of that case. After thus holding, Judge Bennett cited the Code practice, sec. 886, which he construed as being applicable to the case before him, and said: "No effort having been made to correct the errors complained of in the court where they originated, an appeal would not lie." A proposition so foreign to the one under consideration, that it called forth a well considered dissenting opinion from Mr. Justice Gregg, which with a clear conception of all the provisions of the several sections of the Code, limits the application of sec. 886 to the misprisions and irregularities referred to in secs. 569, 570 and 571, and gives to it the same application which we feel satisfied was intended to be given by the legislature.

In none of our decisions except the dissenting opinion of Judge Gregg, has an attempt been made to construe the provisions of the Code practice in regard to erroneous judgments.

The question presented for our consideration arises upon the validity of the judgment irrespective of any errors which may have arisen prior to its rendition.

The note was before the court, no assessment of damages was necessary, and it only devolved upon the court to adjudge the amount due upon the note, and the rate of interest it should bear. The court rendered judgment in favor of the plaintiff for $789.28 debt, and $1019.52 damages, in all $1808.80 with interest on the whole sum at the rate of thirty per cent. per annum from the date of the judgment until paid.

Was this the judgment which, under the law, the defendant was bound to pay? If so, then there was no error; otherwise the judgment was illegal and subject to be reversed and set aside.

The only possible question which can arise, is, whether this court can take jurisdiction of the case and correct the error, if such be found to exist, until after a motion has been made in the Circuit Court for that purpose and overruled.

Sec. 567, expressly confers jurisdiction to correct this error, and sec. 568, the right to bring the case before us by appeal; and unless limited and dependent upon the motion provided for in sec. 886, to call into action the power conferred, the case is properly before us.

There is much propriety in giving to the court in which a misprision or an irregularity has occurred, power to make the the correction; but none to call upon the court to reverse and set aside its own judgment of the law; at best it would be but asking the court to reconsider its own judgment rendered upon the same state of facts.

But be this as it may, the legislature has not required this or any other motion to be made in order to present the question of law arising upon the judgment, in order to confer the right of appeal.

The case is properly brought before us by appeal.

The next question is, as to the errors in rendering the judgment. It was rendered upon a note for the payment of money, at the rate of thirty per cent. until paid.

The error complained of, is, not that it was erroneous to render the judgment for the balance due on the note and thirty per cent interest from due until the time when the judgment was rendered, but that the judgment after that time was for thirty per cent. interest on both the debt and interest found to be due, until paid.

We had occasion to consider this question in the case of *Newton* v. *Kennerly*, 31 Ark., 626. In that case the note bore sixteen per cent. from due, and we held that such interest being stipulated by contract for a given time, after the expiration of the time for which interest was to be charged at sixteen per cent. the debt only bore six per cent. until judgment rendered, and after that, under the provisions of sec. 4, act 1859, ten per cent.

Upon looking into that act, we find it provides that judgments or decrees, upon contracts bearing more than six per cent. interest, shall bear the same interest as expressed in the contract, and all other judgments six per cent. interest.

Referring to the acts in force at the time the fourth section was enacted, we find that there was a law in force which allowed interest at ten per cent. to be taken by contract, and it was evidently in reference to this provision that sec. 4 was enacted. The section which allowed ten per. cent to be taken when contracted for, was repealed, leaving sec. 4 in force.

It is by no means clear, what effect should be given to sec. 4 after the act allowing ten per cent. had been repealed.

And as a member of the court, I hesitated, when the opinion was prepared in *Newton* v. *Kennerly,* as to the propriety of giving effect to sec. 4 and rendering a judgment for ten per cent. interest, when no such amount was contracted to be paid.

In consideration that such had been the construction given to sec. 4 by the District Court of the United States, and by the State Courts, and in deference to the opinions of my brother judges, I acquiesced in the construction which had been given to sec. 4; and now, when the question is again presented, concur with them in giving it a like construction.

Under this construction of the statute, we must hold that the debt bore thirty per cent. interest according to the terms of the contract, up to the rendition of the judgment, and after that time the judgment should bear ten per cent. interest.

And because such was not the judgment in the court below, it must be reversed and set aside, and a judgment rendered in accordance with this opinion.