OGBURN v. STATE.

Opinion delivered March 30, 1925.

1. AUTOMOBILES—UNLAWFUL POSSESSION.—Evidence *held* to warrant conviction under Crawford & Moses' Dig., § 7437, of possessing an automobile, the motor and serial numbers of which had been mutilated, to the extent that the same could not be read.

2. AUTOMOBILES—UNLAWFUL POSSESSION.—That defendant, charged with being in possession of an automobile whose motor and serial numbers had been mutilated, was only temporarily in possession at the request of another who ran away on the approach of officers, was not a defense, under Crawford & Moses' Dig., § 7437, though it might be considered in mitigation of punishment.

3. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—In a prosecution for possessing an automobile whose motor and serial numbers had been mutilated, it was not error for the purpose of impeaching defendant to permit him to be asked on cross-examination as to whether he had not represented himself as a person of a different name, and had not stated that he had a car to sell, which afterwards proved to have been stolen.

4. WITNESSES—CROSS-EXAMINATION.—Defendant, as a witness in a criminal case, may be cross-examined concerning his recent conduct and association, in matters involving moral delinquencies.

5. CRIMINAL LAW—EVIDENCE—CONDUCT OF DEFENDANT.—In a prosecution for possessing an automobile whose motor and serial numbers had been mutilated, there was no error in permitting the officer to testify that just prior to the arrest defendant tried to drive the automobile past him; that the officer pulled his car in front of the car defendant was driving, and that defendant struck the officer's car.

Appeal from Miller Circuit Court; *James H. McCollum*, Judge; affirmed.

*H. W. Applegate*, Attorney General and *John L. Carter*, Assistant, for appellee.

HART, J. Joe Ogburn prosecutes this appeal to reverse a judgment of conviction against him for violating § 7437 of Crawford & Moses' Digest. That part of the statute which is material in this case makes it unlawful for any person to have in his possession an automobile, the motor and serial number of which has been mutilated to the extent that same can not be read.

At common law a crime consisted of an unlawful act with evil intent, and in many statutory crimes both the intent and act may be required to constitute the crime. Many statutes, however, which are in the nature of police regulations, impose penalties irrespective of any intent to violate them.

Motor vehicles have become frequent subjects of larceny, and the removal or change of the serial number is a convenient method for preventing identification and recovery. Then, too, one committing a crime and escaping in an automobile would be more difficult of apprehension if the serial number or identification mark should be removed. Hence statutes of this sort have been held valid as a legitimate and proper exercise of the police power. *People* v. *Fernow* 286 Ill., 627, 122 N. E. 155; *People* v. *Johnson*, 288 Ill., 442, 123 N. E. 543; and *State* v. *Randolph* 192 Iowa, 636, 185 N. W. 141. This principle has also been recognized by the Supreme Court of the United States as properly coming within the police

power. *Rae Brooks* v. *United States,* 45 S. C., Rep. 345. Opinion by Taft, C. J., March 9, 1925.

Various statutes of this State prohibiting the doing of acts without requiring the allegation or proof of criminal intent have been upheld as a valid exercise of the police power. For instance, in *Wells Fargo & Co. Express* v. *State,* 79 Ark. 349, it was held to be no defense to a statute making it unlawful to ship game beyond the limits of the State, that the express company and its agents had no knowledge that the package contained game.

Again, in *Harper* v. *State,* 91 Ark. 422, it was held that a sale by a licensed liquor dealer to a minor, though made in good faith and without reason to suspect that the purchaser was below age, was a violation of the statute prohibiting the sale of intoxicating liquors to minors.

We have also upheld our statute making it a felony for a person to keep an unregistered still, or still-worm in his possession regardless of intention as to its use. *Earl* v. *State,* 155 Ark. 286, and *Hodgkiss* v. *State,* 156 Ark. 340.

In *Ring* v. *State,* 154 Ark. 250, in construing the same statute, we held that, while the act of taking or holding possession of the still must be voluntary, the possession need not be permanent. It has been well said that, if it was necessary to show a criminal intent in cases of this sort, the statute would soon become a dead letter.

The main reliance of the defendant for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

On the part of the State it was shown by a deputy sheriff of Miller County, Arkansas, that he arrested Joe Ogburn in that county while in the possession of a Ford car with a mutilated number. The arrest was made about sixty days before the trial of the case, which was on the 4th day of December, 1924. The deputy sheriff and another officer were in an automobile, and

pulled over in front of the one driven by the defendant. The defendant speeded up his car, and hit the car of the deputy sheriff and burst one of its casings. The deputy sheriff examined the car, and the original serial number had been mutilated or changed so that it could not be read. The officer asked the defendant who the car belonged to, and he said it belonged to a friend, but refused to give his name. Two other persons were in the car with the defendant, but the defendant told the officer, when he started to arrest them, that they had nothing at all to do with the car, and that it was in his possession. The car has been kept at the jail since the arrest of the defendant, and no one has come to claim it.

Under the principles of law decided above, this evidence, if believed by the jury, was sufficient to warrant a verdict of guilty under the statute.

On the part of the defendant, it was shown that the car belonged to a man named Smithers, and that he and his two companions were only riding in the car. When they saw a car approaching, which proved to be the one containing the officers, Smithers jumped out of the car and told the defendant to drive it for him. Smithers disappeared in the woods, and the defendant drove the car on until he was captured by the officers as testified to by them. He claimed that he had no interest whatever in the car.

His evidence, if believed by the jury, did not constitute a defense under the principles of law above laid down. His possession of the car, while only temporary, was his voluntary act, and was not occasioned by any duress whatever. The facts testified to by him might be considered in mitigation of punishment, and doubtless was so considered by the jury, for it assessed his punishment at one year in the penitentiary, which was the lowest term imposed by the statute.

The next assignment of error of the defendant is that the court erred in permitting the prosecuting attorney to ask him if he had not represented to A. M. Stokes that his name was Jim Embree, and had not told

him that he had a car to sell which afterwards proved to be a stolen car. The witness answered no to the question.

There was no error in the action of the court in allowing the question to be asked and answered. The court expressly told the jury that it could not consider the question and answer for anything except in passing on the credibility of the defendant as a witness, and that it could not be considered as evidence of his guilt of the charge under consideration. It has been repeatedly held by this court that, when a defendant becomes a witness in his own behalf in a criminal case, he may be asked on cross-examination concerning his recent conduct and association in matters involving moral delinquencies on his part. *Hollingsworth* v. *State*, 54 Ark. 387, and *Noyes* v. *State*, 161 Ark. 340, and cases cited.

Another assignment of error is that the court erred in permitting the officer, Bob Smith, to testify that the defendant was going to try to pass him.

On this point the officer testified that he could see the defendant was going to try to pass him, and that he pulled his own car over in front of the car driven by the defendant. The defendant then speeded up his car and struck the officer's car, and burst one of its casings. The officer then arrested the defendant. There was no error whatever in allowing this testimony to go to the jury.

It follows that the judgment must be affirmed.