## Baker *v.* State.

Opinion delivered September 24, 1928.

*Duty & Duty*, for appellant.

*H. W. Applegate,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

Smith, J. Appellant was indicted and sentenced under a special plea entered by him for violating § 7437, C. & M. Digest. The indictment charged that appellant "did unlawfully and feloniously possess and have in his possession one Ford touring car, the motor and serial number of which had been mutilated to such an extent that same could not be read."

After a demurrer to this indictment had been filed by appellant and overruled by the court, appellant filed

a special written plea, which recited that appellant had in his possession a Ford touring car, with the motor number thereon mutilated to such an extent that same could not be read, but that he did not do so knowingly or willfully, and that he did not know that the motor number on said motor vehicle was mutilated.

The trial court construed this special plea to be a plea of guilty, and sentenced appellant to a year's imprisonment in the penitentiary. After filing a motion in arrest of the judgment, appellant, without filing a motion for a new trial, prepared and filed a bill of exceptions, and has duly prosecuted this appeal.

The relevant portions of § 7437, C. & M. Digest, under which appellant was sentenced, read as follows: "It shall be unlawful for any person * * * to have in its possession an automobile * * * the motor and serial number of which have been mutilated to the extent that same cannot be read * * *."

Section 7439, C. & M. Digest, provides that any person violating § 7437 shall be guilty of a felony and, upon conviction, be imprisoned in the State Penitentiary not less than one nor more than five years.

It is first insisted that § 7437, C. & M. Digest, is unconstitutional, if construed to apply to one having possession of an automobile the motor and serial number of which have been mutilated to the extent that the same cannot be read, without knowledge of that fact.

We have held against this contention in the cases of *Ogburn* v. *State,* 168 Ark. 396, 270 S. W. 945; and *Hall* v. *State,* 171 Ark. 787, 286 S. W. 1026. See also vol. 3 Cyclopedia of Automobile Law (Blashfield), page 2824, chapter "Changing, Concealing or Removal of Engine Numbers or Identification Marks," and cases cited in the notes to that text.

It is next insisted that appellant's plea was not a plea of guilty, for the reason that he did not admit that the serial number of the car had been mutilated so that it could not be read, but had admitted only that the motor number thereof had been so mutilated.

This contention requires us to determine whether it is essential that both the motor and serial number be mutilated, or whether a mutilation of either constitutes a violation of the statute.

Our own cases of *Ogburn* v. *State* and *Hall* v. *State, supra,* as well as cases from other jurisdictions construing similar statutes, have said that the purpose of legislation of this character is to prevent the defacing of distinguishing numbers which preserve the identity of motor vehicles. These numbers may be that of the motor, or of the car itself, and legislation in other States makes it unlawful to mutilate any trade-mark, distinguishing or identification number or serial mark or number; while our statute, so far as it is applicable to the facts of this case, makes unlawful the act of one who mutilates the "motor and serial number" so that the same cannot be read.

This statute must be strictly construed as against appellant and liberally in his favor, and, when so construed, we think the legislative intent was to impose the penalty of § 7439, C. & M. Digest, only on one who mutilated both the motor number and the serial number of a car, or possesses a car so mutilated. Either number, if unmutilated, would furnish the means of identification which the statute intended should be preserved.

Any other construction of the statute would require that the word "and" be read to mean "or," which would, of course, be a liberal construction of the statute against appellant, rather than a strict construction in his favor.

In the very recent case of *Beasley* v. *Parnell, ante,* p. 912, we had occasion to consider when and under what circumstances the words "and" and "or" should be construed as having been used interchangeably. It was there said:

"Counsel invoke the well known rule that 'or' may be construed to mean 'and,' or *vice versa,* in order to harmonize the provisions of a statute or to carry out the manifest intent of the Legislature. The court would not be justified in making the proposed substitution

unless the whole context of the statute requires, plainly and beyond question, that it be done in order to give effect to the intention of the Legislature. The reason is that, where words have a settled legal meaning, it is dangerous to conjecture that they were used in other than their legal signification." (Citing authorities).

We do not think that the word "and," as used in § 7437, C. & M. Digest, should be read as meaning "or," to carry out the manifest intent of the Legislature, which, as we have said, was to prevent the destruction of the means by which the identity of automobiles might be preserved, as this identity could be preserved as well by the motor number as by the serial number of the car.

We conclude therefore that appellant's plea was not a plea of guilty.

The Attorney General concurs in the construction of the statute which we have announced, but asserts that appellant is in no position to insist that his plea was not an unrestricted plea of guilty, for the reason that appellant did not file a motion for a new trial.

We think, however, that the error of the court in construing appellant's written plea, which was duly filed, as an unrestricted plea of guilty, is an error which is apparent from the face of the record, and in such cases a motion for a new trial is not necessary. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729; *Anthony* v. *Sills,* 111 Ark. 468, 164 S. W. 117; *Ford* v. *State,* 100 Ark. 515, 140 S. W. 734; *Independence County* v. *Tomlinson,* 95 Ark. 565, 125 S. W. 423; *Hare* v. *Shaw,* 84 Ark. 32, 104 S. W. 931, 120 A. S. R. 17; *Badgett* v. *Jordan,* 32 Ark. 154.

The judgment of the court below must therefore be reversed and the cause remanded.

Similar records are presented in cases Nos. 3488, 3489, and 3490, and the judgments in those cases must also be reversed, and the causes remanded. It is so ordered.