THOMPSON v. STATE.

Opinion delivered December 21, 1908.

1. HOMICIDE—THREATS BY DECEASED.—Where the defendant in a murder case testified that he, with deliberation and premeditation, killed deceased at night while he lay upon his bed, because deceased had threatened to kill him, and there was no evidence that deceased made any effort to kill defendant, it was not error to refuse to instruct the jury that threats made by deceased and communicated to defendant were admissible to show defendant's motive. (Page 448.)

2.  SAME—INSTRUCTING AS TO DEGREES OF HOMICIDE.—Where there was no evidence tending to prove that appellant was guilty of a degree of offense lower than murder in the first degree, it was not error for the court to refuse to instruct the jury as to what is necessary to constitute murder in the second degree. (Page 448.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*William F. Kirby,* Attorney General, *Daniel Taylor,* Assistant, for appellee; *C. A. Cumingham,* of counsel.

1.  Evidence of threats were not admissible, as defendant was the sole aggressor, by his own testimony. 29 Ark. 248; 79 *Id.* 594; *72 Id.* 427; *76 Id.* 495; 55 *Id.* 604; 55 *Id.* 593.

2.  There was no testimony upon which to base an instruction as to murder in the second degree. 21 Ark. 69; 23 *Id.* 730; 29 *Id.* 17; 52 *Id.* 120; 77 *Id.* 234.

3.  The judgment should be affirmed, there being no error on the record as a whole. 10 Ark. 9.

BATTLE, J.  Joe Thompson was indicted for murder in the first degree, committed by killing Miller Brown, and was convicted of that offense; and he appealed.

The defendant testified in his own behalf. He testified, in effect, that at night, while Miller Brown lay upon his bed, after deliberation and premeditation, he shot and killed him. He did so with the intent to kill because Brown threatened to kill him and wanted his wife. There was no evidence that Brown made any effort to kill him.

Appellant complains that the court refused to instruct the jury as follows:

"If in a trial for murder it has been proved that threats have been made by deceased against the defendant, and that they have been communicated to the defendant, they may be considered by the jury in making up their verdict to show defendant's motive."

Threats could not have mitigated, extenuated or palliated the conduct of the defendant. They could not have reduced the grade of the offense or reduced the punishment; and the court committed no prejudicial error in refusing it.

The appellant asked and the court refused to instruct the jury as to what is necessary to constitute murder in the second degree. There was no evidence tending to prove that appellant

was guilty of a decree of offense lower than murder in the first degree; and the court committed no error in so refusing. *Jones v. State,* 52 Ark. 345; *Fagg* v. *State,* 50 Ark. 506; *Curtis* v. *State,* 36 Ark. 284.

The evidence was sufficient to sustain the conviction.

Judgment affirmed.