## TURNER *v.* STATE.

### Opinion delivered April 23, 1917.

1. HOMICIDE—CONSPIRACY.—Evidence held sufficient to establish a conspiracy between defendant and his brother, resulting in the killing of one H. by the defendant.

2. EVIDENCE—HOMICIDE—EVIDENCE OF FORMER KILLING.—In a prosecution for homicide, evidence that defendant killed another man on a former occasion is admissible, when admitted with the privilege to the defendant to explain the circumstances, which he did.

3. HOMICIDE—EVIDENCE OF UNCOMMUNICATED THREATS.—Uncommunicated threats are only admissible in a homicide case as tending to show who was the aggressor, when that point is in doubt.

4. HOMICIDE—JUSTIFICATION.—In a prosecution for homicide, the killing being admitted, the following instruction approved: "The killing being proved, the burden of proving circumstances that justify or excuse a homicide shall devolve on the accused, unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide, provided you find from the evidence in the case, beyond a reasonable doubt, that the defendant is guilty as charged."

5. CRIMINAL LAW—SELF-DEFENSE—DEFENSE OF BROTHER.—Defendant can not justify a homicide on the grounds that he acted in defense of his brother, when the latter had provoked the encounter with deceased, and had not attempted to retreat therefrom.

Appeal from Calhoun Circuit Court; *C. W. Smith,* Judge; affirmed.

*Powell & Smead,* for appellant.

1. The court erred in permitting the State to prove that defendant had killed another man. 88 Ark. 579; 84 *Id.* 119; 72 *Id.* 586; 75 *Id.* 427; 100 *Id.* 321; 58 *Id.* 473; Kirby's Dig., § 3128, as amended by Acts 1905, 52; 91 Ark. 555; 87 *Id.* 17; 39 *Id.* 278; 73 *Id.* 262; 38 *Id.* 221; 168 N. Y. 264.

2. The court erred in admitting evidence as to a conspiracy. 101 Ark. 147; 87 *Id.* 39; 59 *Id.* 422; 45 *Id.* 132; 77 *Id.* 444; 12 Cyc. 442.

3. It was error to permit the witness Thomason to remain in the court room and assist the prosecuting attorney during the trial. 101 Ark. 155.

4. It was error to refuse to permit defendant to prove by Wilson that he had heard certain threats made by deceased, etc., and in refusing to permit defendant to prove by Funkhouser that he had heard deceased, Joe Hunter, make certain threats against Walter Turner. 72 Ark. 436; 108 *Id.* 124.

5. The court erred in its instructions. 76 Ark. 110; Kirby's Digest, § 2387; 100 Ark. 180.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. No error in the admission of testimony as to a previous homicide. It only went to his credibility as a witness on cross-examination. 88 Ark. 79; 100 *Id.* 324; 44 *Id.* 122; 74 *Id.* 397; 91 *Id.* 555; 58 Cal. 212; 65 Me. 234; 98 N. C. 599; 27 So. 864; 72 N. Y. 393; 46 Ark. 141; 8 N. D. 548; 58 Ark. 473.

2. Evidence as to the conspiracy was admissible. 98 Ark. 575; 79 *Id.* 594; 96 *Id.* 629; 101 *Id.* 147; 121 *Id.* 40.

3. There is no error in the court's charge to the jury. 72 Ark. 544; 70 *Id.* 43; 74 *Id.* 431; 93 *Id.* 409; 99 *Id.* 576; 95 *Id.* 428; 67 *Id.* 416; 47 *Id.* 196; 102 *Id.* 16, etc. See, also, 64 Ark. 247; 66 *Id.* 588.

4. No error in allowing witness Thomason to remain in court. Kirby's Digest, § 3142; 101 Ark. 155; 90 *Id.* 135; 77 *Id.* 603; 93 *Id.* 140.

5. The alleged threats were too remote. 17 Mo. 544; 64 *Id.* 368; Wharton on Homicide (3 ed.), 417. None of them were ever communicated. 84 Ark. 121.

6. Appellant failed to request other instructions. 67 Ark. 416; 47 *Id.* 196; 102 *Id.* 16.

McCULLOCH, C. J. The defendant, Collin Turner, was tried under an indictment charging the crime of murder in the first degree, and he was convicted of voluntary manslaughter. The defendant was charged with killing one Joe Hunter in the town of Tinsman, on July 12, 1915. The killing is not denied. Defendant admits it and attempts to justify it. He and his brother, Walter Tur-

ner, were separately indicted for the homicide and Walter Turner was convicted of manslaughter and the judgment of conviction was affirmed by this court. *Turner v. State,* 121 Ark. 40.

It appears that there was great excitement in Tinsman and vicinity concerning repeated burglaries which had been committed from night to night, and armed citizens patrolled the town, taking it by turns. Joe Hunter was on watch a certain night, and there was some sort of encounter between Walter Turner and a party composed of Hunter, and Wallingford, the town marshal, and Johnson, a deputy sheriff, in which Turner received a severe beating. Walter Turner reported the matter to Collin Turner, the defendant, and the next morning they both appeared on the street somewhat indignant, and according to the testimony made threats to whip everybody connected with the difficulty the night before. There was evidence introduced by the State sufficient to show concert of action between the defendant and his brother, Walter Turner, to assault and beat every man found to have been engaged in the previous night's difficulty. Hunter was one of the parties singled out by them as a participant in the affray, and threats were made to whip him. Hunter was a barber, and the evidence tends to show that when he came down that morning he avoided Walter Turner, and by a circuitous route went around to the back door of his shop to prevent coming in contact with Turner.

The killing of Hunter occurred about 10 o'clock in the morning, and prior to that time Walter Turner had engaged Wallingford, the town marshal, in a personal encounter and threw him down and beat him when he was finally pulled off. Wallingford had a pistol, which he drew in the affray, and it was taken from Wallingford by the defendant at Wallingford's request while the two combatants were struggling over it. Defendant states that that was the pistol that he used later when he shot

Hunter. The two combatants were separated, and shortly afterwards Walter Turner and Joe Hunter met on the street, and Walter Turner started toward Hunter, and the latter drew his pistol and began firing. He shot twice and one of the loads took effect in Walter Turner's arm. The pistol used by Hunter was a two-barrel derringer, and both loads were fired at Walter Turner. It does not appear that Walter Turner was armed, but at the close of this encounter, when Hunter was turning from it and walking into a drug store, he was shot in the back by defendant, Collin Turner, who came from across the street. Defendant testified that when he fired at Hunter the latter was out in the street with his pistol leveled at Walter Turner, but the testimony adduced by the State contradicts that statement, and shows that Hunter was retiring from the scene and had turned and walked into the drug store when he was shot by the defendant. The witnesses introduced by the State testify that while the difficulty was going on between Walter Turner and Hunter, the defendant started across the street toward them with his pistol in his hand; that when he came within twelve or fifteen feet of where Hunter was standing Hunter turned and walked into the building and the defendant fired at him just as he was going in the building.

(1) There was, as before stated, sufficient evidence to warrant the jury in finding that there was a conspiracy between the two Turners to do violence to the parties engaged in the fight, including the deceased, Joe Hunter, and that the defendant without provocation shot and killed Joe Hunter pursuant to that conspiracy.

Counsel for the defendant present numerous assignments of error, the first of which is that the evidence is insufficient to establish a conspiracy, but that assignment has already been disposed of.

(2) The next one is that the court erred in permitting the State to prove by defendant on his cross-examination that he had once killed another man in that county.

Defendant objected to that testimony, but the court admitted it with the privilege to the defendant of stating the circumstances under which the former killing occurred, which he did, showing that he was justifiable and that he had been acquitted. We think the testimony was competent as affecting the credibility of the witness in his own behalf. *Hollingsworth* v. *State,* 53 Ark. 387; *Younger* v. *State,* 100 Ark. 324.

(3) Again it is urged that the court erred in refusing to permit defendant to prove by two witnesses uncommunicated threats said to have been made by Hunter against the defendant. The offer was to prove by one of the witnesses that about six months before the killing Hunter had stated in his barber shop one day that the two Turner boys (defendant and his brother, Walter) "thought they had a right to run over everybody and carry a gun," but that he (deceased) wanted them to understand that he carried a pistol himself, and if he got a chance he was going to use it on them. The other offer was to prove that Hunter made a somewhat similar statement about four months before the killing. The undisputed evidence is that Hunter and the two Turners were closely related by marriage and that there was no unfriendliness between them up to the time the alleged encounter occurred the night before the killing. Defendant testified himself that there was no unfriendly feeling between himself and Hunter. He testified that he had no feeling of animosity toward Hunter; that Hunter had been renting a building from him, and that he had patronized Hunter's barber shop. Unaccompanied threats are only admissible in a homicide case as tending to show who was the aggressor when that point is in doubt. We think that the alleged statements of Hunter were too remote in point of time and apparent foundation to have had any bearing on the question as to who was the aggressor in this difficulty. No prejudice, therefore, re-

sulted in the refusal of the court to allow ( ηϳϣ ɬϧɛtimony to go to the jury.

(4)   It is earnestly insisted that the ( )ɯ t erred in giving an instruction in the language of Kɪ rby's Digest, section 2387, with a proviso attached makiɪg the wnole instruction read as follows:

"The killing being proved, the burden of proving circumstances that justify or excuse a homicide shall devolve on the accused unless by the proof on the part of the prosecution it is sufficiently manifest that the offense committed only amounted to manslaughter, or that the accused was justified or excused in committing the homicide, provided you find from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty as charged."

We are of the opinion that this instruction was a very appropriate one in the present case, for the killing of Hunter by the defendant was admitted, and the statute was applicable making it devolve on the defendant to prove circumstances in justification or excuse. The rights of defendant were entirely safeguarded by the court in telling the jury in the same instruction that notwithstanding the statutory rule with reference to the burden of proof, it devolved upon the State to prove the guilt of defendant beyond a reasonable doubt. *Cogburn* v. *State,* 76 Ark. 110; *Walker* v. *State,* 100 Ark. 180.

(5)   Two other assignments of error relate to the same subject covered by instructions Nos. 6 and 8, respectively, which were given by the court. In those instructions the court undertook to set forth the law with respect to the rights of one who had brought on a difficulty to invoke the rule of self-defense, and applied this rule to the difficulty between Walter Turner and Hunter, but concluded instruction No. 6 by a statement that no other person "had any greater right, under the law, to shoot and kill Joe Hunter under such circumstances than Walter Turner himself would have had." Instruction No. 8 on the same subject concluded with the statement

that "if the defendant, Collin Turner, knew at the time he fired and killed Joe Hunter that Walter Turner was going on to Joe Hunter for the purpose of provoking a difficulty with him and assaulting him, then neither Walter Turner nor the defendant would have been justified in shooting and killing Joe Hunter." Those instructions were in accordance with the law stated by this court in *Wheatley* v. *State,* 93 Ark. 409, as follows:

"A man can lawfully do for his brother, when threatened with death or great bodily injury, what he can lawfully do for himself under the same circumstances. If the brother is in fault in provoking the assault, he must retreat as far as he safely can before his brother would be justified in taking the life of his assailant in his defense."

The testimony adduced by the State tends to show that Walter Turner brought on the difficulty with Hunter pursuant to a conspiracy between him and his brother, Collin Turner, and that Walter Turner did not retire from the difficulty, but that on the contrary the defendant, Collin Turner, voluntarily came on the scene and engaged in the difficulty and fired the fatal shot at Hunter while the latter was retiring from the scene. We think the instructions were correct.

The defendant requested the court to give instruction No. 4, which reads as follows:

"You are instructed that if you find from the evidence that the deceased had shot Walter Turner, who was unarmed, with a pistol, and wounded him, and that Hunter was apparently in the act of again shooting Walter Turner with said pistol at the time defendant shot him, then you are told that the defendant was justified in shooting deceased, and you will find him not guilty."

The court refused to give the instruction as requested, but gave it as modified by the addition of the words "unless Walter Turner had brought on the fight." The instruction in the form requested by defendant was

erroneous for the reason that it ignored the question of who was the aggressor in the difficulty, and whether or not Walter Turner, if the aggressor, had attempted to retire, and the addition by the court tended to neutralize the evil effect in that respect. The modification had that effect, but it did not make a complete instruction, and if the court had been asked to do so it should have inserted the statement with respect to the right of self-defense to an aggressor after he had sought to retire from the difficulty. That idea was properly embraced in other instructions, but the defendant did not ask that it be incorporated in the one now under discussion but merely contented himself by asking an erroneous instruction and objecting to the action of the court in adding words which neutralized the evil effect of the instruction in the form that it was asked. We think, therefore, that defendant is not in a position to complain of the failure of the court to incorporate an element in the instruction which he did not ask for. The same may be said with reference to the assignment of error concerning the court's modification of instruction No. 6.

Upon the whole we find no prejudicial error in the record and the judgment is affirmed.