WEBB *v.* STATE.

Opinion delivered May 12, 1919.

1. WITNESS—IMPEACHMENT—CROSS-EXAMINATION.—In a prosecution
   for illegally disposing of alcoholic liquor, the prosecuting attor-
   ney was properly permitted on cross-examination to ask defend-
   ant if he had not tried to escape and if he had not carried saws
   into the jail and given them to other prisoners.

2. INTOXICATING LIQUORS—EVIDENCE OF° ILLEGAL DISPOSITION.—Evi-
   dence *held* sufficient to sustain a conviction for an illegal disposi-
   tion of whiskey where it tends to prove that defendant and an-
   other gave whiskey to persons for assistance in piloting an auto-
   mobile loaded with whiskey.

Appeal from White Circuit Court; *J. M. Jackson,*
Judge; affirmed.

STATEMENT OF FACTS.

The section of the statute under which the indict-
ment in this case was returned reads as follows:

"After January 1, 1916, it shall be unlawful for any
person, firm or corporation to manufacture, sell or give
away, or be interested, directly or indirectly, in the man-
ufacture, sale or giving away of any alcoholic, vinous,
malt, spirituous or fermented liquors or any compound
or preparation thereof, commonly called tonics, bitters
or medicated liquors within the States of Arkansas."
Acts of 1915, p. 98.

Eb Boles, a witness for the State, testified that he
saw the defendant and a companion named Lexington
in an automobile on the 24th day of December, 1918; that
they asked how to go to Bradford and that he asked them
if he could go with them and show them the way; that
they replied that he could and he rode with them until
their automobile broke down; that while riding with them
in the automobile, they gave him a drink of whiskey out
of a quart bottle and that when he and his companion
got ready to leave they gave them a pint apiece; that
the defendant and Lexington were both in the car, but
that he does not remember which one of them gave him

the whiskey; that the back end of the automobile was loaded, but he did not know what it was loaded with.

On cross-examination Boles testified that he showed the defendant and Lexington how to get along the road to Bradford and that they gave him some whiskey, but he did not remember whether the defendant or Lexington actually handed him the whiskey.

T. C. Plant, the sheriff of White County, testified that he arrested the defendant just north of Bradford in White County, on Christmas day in 1918; that the defendant was in charge of an automobile which was filled with whiskey; that it contained about 324 pints and 20 some odd quarts; that at the time the defendant was arrested, Lexington had gone to Little Rock for repairs on the car.

Roy Webb, the defendant, testified for himself. He admitted that he was in the car and that he had gone to St. Louis to drive the car back for Lexington. He stated that before they got to Bradford in White County they met some men who wanted to ride to town and Lexington let them ride; that Lexington took out a quart of whiskey and that he and the men drank together; the defendant did not drink; that when the car broke down, Lexington took out two pints of whiskey and gave each one of them a pint; that he did not have any interest in the whiskey; that he had been driving into the State second hand automobiles for Lexington for about three months, which had been purchased outside of the State; that he went to St. Louis with Lexington for the purpose of driving the car back.

On cross-examination he admitted that he tried to escape as soon as he was placed in jail; that he had some saws which he brought to the jail and gave to the other prisoners. It was shown that when the car broke down the whiskey was taken out of it and placed in a house near by and that the defendant was placed in charge of the car and the whiskey. The defendant admitted on cross-examination that some men came up there and

took whiskey away from the house while he was in charge of it, but that it was not his whiskey.

The jury returned a verdict of guilty, and from the judgment rendered the defendant has appealed.

*W. F. Terral,* for appellant.

1.   The testimony of the only two witnesses, Sheriff Plant and Eb Boles, does not show that appellant violated the law and the conviction is contrary to the testimony that was competent. The only witness who pretended to know anything about any whiskey being given away was not positive that appellant gave him any whiskey. He was doubtful and all the other testimony was incompetent, relating to other crimes. This was not competent. Neither good nor bad character can be proved by specific acts or deeds. The prosecution cannot resort to the accused's bad character as a circumstance from which to infer guilt. 120 Ark. 492; *Ib.* 458; 91 *Id.* 555. Appellant did not put in evidence his good character, and the State had no right by way of contradiction to show his bad character. 100 *Id.* 321.

2.   Neither good nor bad character can be shown by specific acts or deeds. 88 Ark. 261; 120 *Id.* 458. It was error for the State to prove other crimes committed by appellant. It was not competent to prove the offense by the admission of appellant's other crimes upon the charge of giving away whiskey. Greenleaf on Ev. (15 ed.), § 53 b; 39 Ark. 278; 37 *Id.* 261. He was not a violator of the act, even if he did give Boles the whiskey, and could not be guilty of anything more than procuring whiskey. 130 Ark. 204. The testimony failed to show that appellant had any interest of any kind in giving away the whiskey, and failed to show any motive that would induce him to bring about the transaction charged. 132 *Id.* 135. The Legislature did not intend to make it a felony to give away whiskey, but to prevent selling any article as a subterfuge at an exorbitant price and giving away whiskey with the purchase. *Supra.*

*Gardner K. Oliphint, Amicus Curiae.*

The mere giving away whiskey is not a violation of Act No. 30, Acts 1915, p. 98. Such was not the intention of the act. 3 Ark. 285-308; 32 *Id.* 462-4-5; 65 *Id.* 521, 536-9; Lieben's Hermaneutics 103; 124 Ark. 20-24. See also 125 *Id.* 77-85; 160 Fed. 260-3; Kirby's Dig., § § 7792-7817; 1 Blackstone (Com.) 58-60; 102 Ark. 373-7; 143 U. S. 457; 7 Wall 482; 106 Ark. 517; 109 *Id.* 556. Statutes should be construed according to their reason and spirit. 48 Ark. 307; 94 *Id.* 426; 2 Cr. 358; 26 Conn. 376; 102 Cal. 12; 7 Exch. 475; 25 Atl. 140; Joyce on Intox. Liquors, § 79; 15 R. C. L., § 19; 70 Am. St. 743; 173 Pac. 73; 79 So. Rep. 753; 3 B. & Ald. 266.

*John D. Arbuckle,* Attorney General; *Robert C. Knox,* Assistant, and *T. W. Campbell,* for appellee.

1. No objection to the instructions is made in appellant's briefs. There are no errors in the admission of testimony and the evidence proves that appellant gave away whiskey in violation of the Bone Dry Act.

2. There was no error in the cross-examination of appellant. Kirby's Digest, § 1561.

3. It is unlawful to give away whiskey in this State. Acts 1915, No. 30, § 2; 4 L. R. A. 543; 76 S. W. 984. The act forbids the giving away as well as the selling.

HART, J., (after stating the facts. It is first earnestly insisted by counsel for the defendant that the court erred in permitting the prosecuting attorney to ask the defendant if he had not tried to escape and if he had not brought some saws into the jail and given them to the other prisoners for the purpose of escaping. It appears from the record that the defendant was first arrested near Bradford in White County and subsequently released from custody. He was arrested again at Little Rock charged with the same crime and carried to White County and placed in the jail there. He was asked if he had not tried to escape and answered that he had not. He was also asked if he had not carried saws into the jail and given them to the other prisoners. He replied

that he had not; that he just carried the saws into the jail and laid them down and they had picked them up. He was asked how many saws he brought into the jail and he answered three. There was no error in the admission of this testimony. It is true as contended by counsel for the defendant, that the court has uniformly held that the State cannot resort to the bad character of the accused as a circumstance from which to infer guilt. The reason is that such testimony is not evidence of the defendant's guilt and that it might result in his being overwhelmed by prejudice instead of being tried upon the evidence affirmatively showing his guilt of the offense with which he is charged.

The evidence objected to was not admitted for this purpose and the decision of that point is not before us. The witness took the stand in his own behalf and the questions were asked him on cross-examination. When he took the witness stand himself, he was subject to all the rules of examination and impeachment of any other witness. The court has frequently held that a witness may be cross-examined as to his particular acts or conduct that are relevant to the impeachment of his character for truth, although they are wholly disconnected with the cause on trial. Great latitude is allowed in the cross-examination of a witness touching his conduct and habits so as to reflect light upon his credibility. *Rhea* v. *State,* 104 Ark. 162, 181; *Turner* v. *State,* 128 Ark. 565; *Ware* v. *State,* 91 Ark. 555; and *McAlister* v. *State,* 99 Ark. 604.

It is next insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict. It is the contention of counsel for the defendant that the statute which we have copied above is directed against a gift of liquor as a subterfuge to evade the prohibition against selling it.

On the other hand, it is contended by the Attorney General that a gift of liquor made solely as a matter of courtesy or act of hospitality, or the like, is within the prohibition of the statute. We do not deem it necessary

to decide this question, for if it be assumed that the defendant's construction of the statute is correct, still the evidence adduced by the State was sufficient to support a verdict of guilty.

It is the contention of the defendant that he was not interested in the sale or giving away of the liquor and was only hired to drive the automobile back into the State.

On the part of the State it was shown that a considerable quantity of whiskey in quart and pint bottles was in the automobile and that the prosecuting witness and his companion were directing the operators of the automobile along the road until the automobile broke down. When they separated they were each handed a pint bottle of whiskey and they had also been given some drinks out of a quart bottle. The jury might have inferred that the whiskey was given them in exchange for their services in piloting the automobile to Bradford. The defendant was found in charge of the whiskey and admitted that people went into the house where it was stored and took away bottles while it was in his charge. He also admitted that his companion had been going out of the State for some months and buying second-hand automobiles and that he had been driving them back into the State. He does not state whether all these second-hand automobiles contained whiskey as did the one in the instant case. Certainly the jury would have been warranted in finding Lexington—had he been on trial—guilty of the illegal traffic in whiskey.

When all the surrounding circumstances are considered the jury was justified in finding that the defendant was also interested in the giving away of the whiskey and consequently the jury was justified in finding him guilty under his own construction of the statute.

It follows that the judgment must be affirmed.