## LYTLE *v.* STATE.

### Opinion delivered March 10, 1924.

1. FORGERY—SUFFICIENCY OF EVIDENCE.—In a prosecution for forgery evidence *held* sufficient to sustain a conviction.

2. WITNESSES—IMPEACHMENT.—It was not error in a criminal case to refuse to permit defendant to contradict a certain State's witness by proving that the witness had told him why he carried accounts in two banks, and that the witness associated with lewd women; such matters being collateral, so that the witness' answers were conclusive.

3. WITNESSES—CROSS-EXAMINATION OF ACCUSED.—In a prosecution for forgery, it was competent, for the purpose of impeaching the accused, to interrogate him on cross-examination as to the commission of certain another crime, and the circumstances thereof and the association into which he was drawn in the commission of such crime.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy,* Judge; affirmed.

*D. E. McGowan* and *M. P. Huddleston,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, W. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

McCULLOCH, C. J. Appellant was indicted for the crime of forgery, alleged to have been committed by forging the name of Curtiss Kerr to a check for the sum of twenty dollars on the First National Bank of Jonesboro, Arkansas, and, on trial of the cause, he was convicted.

The check set forth in the indictment was introduced in evidence, and purported to be one drawn by Curtiss Kerr on the First National Bank for the sum of twenty dollars, payable to the order of Harry Berry. The name of Harry Berry is indorsed on the back of the check, and it was paid by the bank on which it was drawn.

Kerr was introduced as a witness by the State, and he testified that the signature to the check was not his, that he had not authorized any one to sign his name to the check, and that it had been charged to his account at the bank and delivered to him. He also testified concerning

another check for a small amount, on which his name had been indorsed without authority, and stated that appellant admitted having make the indorsement and received the money on the check, and that appellant's mother made good the amount.

Other papers shown to have been in the handwriting of appellant, including a postal card to which Kerr's name was signed, and which signature was shown to have been written by appellant, were introduced in evidence for comparison with the signature to the check in question.

Appellant denied that he signed or handled the check in any way, and claimed that he was not in Jonesboro on the date that the check was drawn and cashed, but was in Blytheville and Paragould at that time.

It is insisted that the evidence is not sufficient to sustain the verdict, but we have the positive testimony of the prosecuting witness that the check was a forgery, and there is sufficient evidence to show that appellant committed the forgery. This with other testimony as to the similarity of the handwriting to other writings proved to have been made by appellant. *McCoy* v. *State,* 161 Ark. 658. This makes out a case for the jury, and the verdict is conclusive on the issue.

Witness Kerr stated, on cross-examination, that he carried accounts in two banks in Jonesboro, that his wife had drawn checks with his approval, but denied that he carried accounts in two different banks in order to deceive his wife and keep her from knowing where his money was and how much he had, and denied that he had said anything to appellant about a check drawn by his wife on the account.

The court refused to permit appellant to testify that witness Kerr had told him why he carried accounts in two banks, and also refused to permit him to testify concerning Kerr associating with lewd women. The court was correct in this ruling, for the questions of Kerr's reasons for keeping two bank accounts and the fact of his carrying on with lewd women were matters

collateral to the main issue and affecting only the credibility of the witness, and the answers of the witness whose credibility was sought to be impeached was conclusive. *Hollingsworth v. State*, 53 Ark. 387.

Error is assigned in the ruling of the court permitting the prosecuting attorney to ask appellant, on cross-examination, concerning his having been convicted of the crime of highway robbery committed in connection with two negroes. It was competent to interrogate appellant on cross-examination in order to attack his credibility as a witness, and it was competent to ask him about committing crime and the circumstances thereof and the associations into which he was drawn in the commission of the crime. *Hollingsworth v. State, supra.*

Our conclusion is that there was no error committed by the court, and the judgment is therefore affirmed.