## MAYS *v.* STATE.

### Opinion delivered September 28, 1925.

1. INTOXICATING LIQUORS—OPERATING STILL—E V I D E N C E.—In a prosecution for manufacturing alcoholic liquors and for possessing a still, evidence *held* to sustain a conviction.

2. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—In a prosecution for manufacturing alcoholic liquors and for possessing a still, where accused became a witness in his own behalf, it was proper to permit the State, for the purpose of impeachment, to cross-examine him as to a conviction in the Federal Court for a violation growing out of the same transaction, though the Federal statute differed from that of the State.

3. CRIMINAL LAW—SUFFICIENCY OF VERDICT.—In prosecutions for manufacturing alcoholic liquors and for possessing a still, verdicts written on separate pieces of paper without giving the style of the cases or the name of the accused were not too indefinite to authorize judgment, where they were returned into court and duly recorded, as a reasonable construction must be placed upon the form and language of a verdict in order to arrive at the intention of the jury and for the purpose of identification.

4. INTOXICATING LIQUORS—SEPARATE OFFENSES.—The State has a right, out of the same transaction, to carve the two offenses of manufacturing liquor and possessing a still, though the manufacture is done through the operation of the same equipment which is the subject-matter of the other charge of possessing a still.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; affirmed.

*Pratt P. Bacon,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J.    Three separate indictments were returned by the grand jury of Miller County against appellant—one for the offense of making mash fit for distillation, another for the offense of manufacturing alcoholic liquors, and another for keeping in his possession a still. The three cases were tried together with appellant's consent, and the trial resulted in an acquittal under the indictment for making mash, and a conviction of the other two offenses.

The evidence adduced by the State's witnesses tended to establish appellant's guilt, in that they saw appellant at the still, in company with another man, having a copper bucket in his hand. The officers who made the raid testified that they heard appellant and the other man talking before they got there, and that appellant was standing two feet from the still and close to a ten-gallon keg of whiskey, and had a copper bucket in his hand. They testified also as to finding mash at the place. The circumstances, as detailed by the raiding officers, were sufficient to fairly warrant the inference that appellant and other parties were operating a still, and the evidence was therefore sufficient to sustain the verdict.

On the trial of the case appellant testified in his own behalf, and on cross-examination was permitted to be interrogated, over objection of counsel, concerning his conviction in the Federal Court of violations growing out of the transaction under review in the trial of this case. Error of the court in permitting cross-examination on that subject is assigned. The court permitted the question to be asked and answered for the purpose of affecting the credibility of appellant as a witness. It is urged that the cross-examination on this subject was erroneous because the Federal statute is different from the State statute on this subject, but we think this affords no

reason why appellant could not be discredited by showing that he was convicted in the Federal Court. The fact that the Federal statutes on this subject are different from the statutes of the State does not relieve the conviction of odium so as to affect the credibility of the witness.

The point is also made that the cross-examination was improper because it related, not to other crimes, but to the particular transaction under review in this trial. It has often been held, beginning with the case of *Hollingsworth* v. *State,* 53 Ark. 387, that a witness may be examined as to his associates, residence and guilty connection with crimes for the purpose of affecting his credibility, and that an accused person testifying is no exception to that rule. The basis of the rule is that the credibility of the witness is affected by anything that throws odium upon his character, and this applies, even though the conviction rests upon the same state of facts under investigation in the trial of the instant case. It is the odium of the conviction which affects his character to the extent that it is a fact for consideration in testing his credibility. Our conclusion is that no error was committed in this regard.

The sufficiency of the verdicts is attacked on the ground that they were indefinite in not identifying the offenses or the name of the accused or the cause in which they were rendered. The record shows that these verdicts were written on separate pieces of paper without giving the style of the cases or the name of the accused, but that the verdicts were returned in open court and handed to the clerk of the court and duly recorded. We think this is sufficient to identify the verdicts, and that they are not too indefinite to authorize judgment to be rendered thereon. A reasonable construction must be placed upon the form and language of a verdict in order to arrive at the intention of the jury, and for the purpose of identification. *Fagg* v. *State,* 50 Ark. 506. The two offenses of which appellant was convicted grew out of the same transaction, but they were separate statutory offenses.

The State has the right to carve out the two offenses of manufacturing liquor and possessing a still, even though the manufacture is done through the operation of the same equipment which is the subject-matter of the other charge of possessing a still. The two charges are based upon different elements, and may be carved out of the same transaction.

Judgment affirmed.

HART, J., dissents on the ground that the court erred in admitting testimony of appellant's conviction in Federal Court for offenses based on the same transactions as in the instant case.