## BELL v. STATE.

Opinion delivered March 16, 1901.

HOMICIDE—EVIDENCE—THREATS.—Where there was no eye witness to a homicide, and defendant's testimony tended to show that he acted on the defensive, it is competent to prove previous threats made by deceased against defendant's life, as tending to prove who was the probable aggressor.

Appeal from Desha Circuit Court.

ANTONIO B. GRACE, Judge.

*X. O. Pindall* and *Roy D. Campbell,* for appellant.

The third instruction asked by appellant should have been given. 16 Ark. 568. It was error to refuse the seventh instruction asked by appellant. Uncommunicated threats are admissible as tending to show who was the aggressor, when self-defense is set up. 55 Ark. 593, 604; Whart. Cr. Ev. § 775; 93 U. S. 465; 34 Ark. 473; 47 Ark. 187; 29 Ark. 249; 9 Am. & Eng. Enc. Law, 675; 34 Ark. 720; 49 Ala. 370; 9 Ind. 322; 53 Ia. 310; 24 Ia. 570; 63 N. Car. 1. When an assault is so fierce as to make it apparently as dangerous for the person assaulted to retreat as to stand, he may stand and defend himself. 49 Ark. 543; 29 Oh. St. 187. The court erred in excluding evidence of previous attempts and threats by deceased. 43 Ark. 100; 1 Gr. Ev. §§ 108, 111; Whart. Cr. Ev. §§ 262-270; 1 Bish. Cr. Proc. 1083-1087; 20 Ark. 216; 22 Ark. 354; 29 Ark. 248; 29 Ark. 232; 55 Ark. 593, 604. It was error to refuse to allow defendant to prove his good character. 28 Ark. 155; 34 Ark. 720; 11 Oh. St. 114; 3 Gr. Ev. § 25; 1 Bish. Cr. Proc. 1962-3; Underhill, Cr. Ev. § 327; Whart. Cr. Ev. § 60; 132 Ind. 317.

*Jeff Davis, Attorney General* and *Chas. Jacobson,* for appellee.

The court properly excluded the evidence as to character, threats and previous attempts. 43 Ark. 99; 29 Ark. 261; 1 Mc-Clain, Cr. Law, § 307. Some overt act of the deceased must be proved before evidence of communicated threats can be introduced. 21 Fla. 738; 38 La. Ann. 20. The same rule applies to evidence

of the character of deceased. 100 Ala. 4; 84 Ala. 1; 45 La. Ann. 1326, 842. The good character of defendant is admissible only when the fact of the killing or the criminal intent are in doubt. 31 Tex. App. 573; 102 Ind. 502; 61 Ia. 580; 102 Ind. 317; 31 N. E. 536; 51 Ill. 231.

BUNN, C. J. This is an indictment for murder in the first degree, upon which the defendant was tried and convicted in the Watson district of the Desha circuit court, at its August term, 1900, and verdict pronounced accordingly, and defendant appeals.

The motion for new trial, which was overruled by the court, contains eleven assignments of error, but it is only necessary to consider such as pertain to the exclusion of threats against the defendant on the part of the deceased, and her conduct of deadly violence against him on one or more occasions a little time before the killing. The defendant and the deceased—husband and wife— had not been living together in harmony for sometime, and at the time of the killing the deceased had left the defendant, and was living with her mother. On the morning of that day the defendant, as he states in his testimony, went to the mother-in-law's house, to have a talk with the deceased about their domestic affairs and for the purpose of reconciliation. When he reached the house, the deceased, the mother and one Ben Davis were present. The latter two soon after left, leaving the deceased and the defendant alone, except for the presence of their nine-months' old baby. When thus alone the rencounter between the two took place, resulting in the death of the wife at the hands of the husband. The defendant, in his testimony, says that without warning the deceased went out of the house, procured an ax, and returned through the only open door in the house, and began the assault on him with the ax, and that, having no way of escape, what he did was purely to save his own life. He was the only living witness to the killing, and the question is, who was the aggressor? The defendant offered to prove previous threats by the deceased against his life and instances of deadly assaults by her upon him; but this testimony the court excluded, and he excepted.

In *Palmore* v. *State*, 29 Ark. 248, this court said: "Threats, as well as the character of the deceased [evidence of which last also was excluded in this case], are admissible when they tend to explain or palliate the conduct of the accused. They are circumstantial facts which are a part of the *res gestae* whenever they are suf-

ficiently connected with the acts and conduct of the parties as to cast light on that darkest of all subjects, the motives of the human heart." The same rule is approved in *People* v. *Arnold,* 15 Cal. 476 (see *Holler* v. *State,* 37 Ind. 57; *King* v. *State,* 55 Ark. 604; *Brown* v. *State,* 55 Ark. 593), and in *People* v. *Alivtre,* 55 Cal. 263, the rule is maintained, even when the threats have not been communicated to the defendant before the killing. The rule appears to be that, to determine in such case who was the probable aggressor, any testimony, otherwise unobjectionable, is admissible; otherwise, it would be impossible to solve the question where, as in this case, no other testimony could be had.

This is all that is necessary to consider now. The judgment is reversed, and the cause remanded for new trial.

BATTLE, J., not participating.