BLACKBURN *v.* STATE.

Opinion delivered September 23, 1918.

1.   HOMICIDE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a verdict of guilt of murder in the second degree.

2.   HOMICIDE—ADMISSIBILITY OF THREATS.—Proof of threats made by decedent which were communicated to defendant is admissible only for the purpose of throwing light on the question as to who was the aggressor in the encounter, or for the purpose of determining whether or not defendant acted under a reasonable belief that he was in danger.

3.   HOMICIDE—INSTRUCTION—SELF-DEFENSE.—An instruction that if "the words and conduct of the deceased were of such a hostile nature as to lead the defendant, acting as a reasonably prudent person, to believe that the deceased was then and there attempting to carry his threats into execution by going home to get a gun to kill defendant, then you are told defendant was not required to retreat from the fight and had a right to kill deceased" *held* erroneous as taking from the jury the question of the imminence of the danger.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*Asa C. Gracie,* for appellant.

1.   Evidence of threats was admissible.   16 Ark. 568; 29 *Id.* 261; 69 *Id.* 148; 55 *Id.* 593; 72 *Id.* 436; 76 *Id.* 493; 79 *Id.* 594.

2.   It was error to refuse appellant the right to prove the reputation of deceased for being dangerous and quarrelsome.   29 Ark. 348-262; 13 R. C. L. 916; 108 Ark. 104.

3.   It was error to refuse instruction No. 10.   108 Ark. 104; 13 R. C. L. 821.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   There was no imminent danger impending and evidence of threats and of the violent and dangerous character of deceased was properly excluded.   There was no hostile demonstration or overt act to arouse belief of imminent peril.   13 R. C. L., p. 918, § 221; *Ib.* § 225; 27 Ala. 39; 28 Fla. 113; 6 Col. 452; 90 Ga. 310; 200 Ill. 494; 47 La. Ann. 182; 189 Mass. 257; 17 Mich. 9; 26 N. C. 409; 59 Cal. 243; 72 N. J. L. 515; 45 La. Ann. 842.

2.   Instruction No. 10 was properly refused, as there was no evidence on which to predicate it.   From appellant's own testimony he is clearly guilty and the judgment is therefore correct.   14 Ark. 114; 100 *Id.* 139; 104 *Id.* 317; 26 N. C. 409.

McCULLOCH, C. J.   Appellant was convicted of the crime of second degree murder in the killing of one Clayton Hunter.   He killed Hunter by stabbing him with a knife, and the tragedy occurred at or near appellant's own premises and in the presence of several witnesses.

The testimony adduced by the State tended to show that appellant and Hunter got into a quarrel out in the public road in front of appellant's yard; that appellant walked into his yard and deceased followed to the gate and seized the latch on the gate and threw it at appellant and then started to run off down the road, when appellant pursued him for a distance of about one hundred yards and stabbed him with a knife.   The dying declara-

tion of Hunter, which was introduced by the State, was to the effect that, as Hunter ran away down the road pursued by appellant, he fell down and appellant ran up and stabbed him. Hunter lived about thirty minutes after he was stabbed by appellant. All the testimony tended to show that when Hunter ran away from appellant's premises he declared that he was going home to get his gun and that he would kill appellant. Hunter's home was about one-quarter of a mile distant from appellant's yard, where the difficulty began.

Appellant himself testified that he stabbed Hunter before the latter left the yard, but just as he was turning to go out of the gate. He testified that Hunter threw the gate latch at him and then turned to go out at the gate saying: "You stay here until I come back, you black son-of-a-bitch, and I will kill you," and that just as Hunter started out the gate he (appellant) ran up and grabbed him with one hand and stabbed him with the other.

It is needless to say, upon this state of the proof, that the verdict of the jury convicting appellant of second degree murder was fully warranted. According to the State's testimony, he followed Hunter at least one hundred yards down the road and stabbed him to death. According to his own statements, he grabbed Hunter as the latter was about to run away and stabbed him. The testimony was sufficient to warrant a conviction of either second degree murder or voluntary manslaughter. The facts, even according to appellant's own narrative, afforded no justification for the killing.

It is insisted that the court erred in refusing to permit appellant to introduce testimony tending to establish prior threats on the part of Hunter which were communicated to appellant. Proof of threats in homicide cases are admitted only for the purpose of throwing light on the question as to who was the aggressor in the encounter or for the purpose of determining whether or not the defendant acted under a reasonable belief that he was in imminent danger. *Carter* v. *State*, 108 Ark. 124.

The state of the proof in the present case left no doubt on those points and the court was correct in refusing to permit the testimony to be introduced.

The court properly refused instruction No. 10, requested by appellant, which reads as follows:

"You are instructed that if you find from the evidence that prior to the killing of Clayton Hunter by defendant, the deceased had made threats against the life of defendant and that these threats had been communicated to the defendant before the fight in which the deceased was killed, then the defendant had a right to protect his own life from such threatened assault if you find deceased attacked defendant; and if you find from the evidence that after a knowledge of these threats, the defendant was attacked in his own front yard by the deceased, he being without fault in provoking the assault, and at that time the words and conduct of the deceased were of such a hostile nature as to lead the defendant, acting as a reasonably prudent person, to believe that the deceased was then and there attempting to carry his threats into execution, by going home to get a gun to kill defendant, then you are told defendant was not required to retreat from the fight and had a right to kill deceased."

Even under proof more favorable to appellant than this record discloses as to the danger to which he was subjected, the instruction should not have been given for the reason that it told the jury that merely because of previous threats and the declaration of deceased that he was going home to get a gun to kill appellant, the latter had the right to kill deceased. The question of imminence of the danger should have been left to the jury, and this instruction would have taken it away from the jury and declared the law to be that the danger was so imminent that the accused had a right to slay his adversary.

We find no error in the proceedings, and the judgment is, therefore, affirmed.