PARSLEY *v.* STATE.

Opinion delivered December 24, 1921.

1. HOMICIDE—ASSAULT WITH INTENT TO KILL—BURDEN OF PROOF.— Crawford & Moses' Dig. § 2342, providing that in homicide cases if the killing is established the burden of proving mitigating circumstances justifying or excusing the homicide shall devolve on accused, has no application in a case of assault with intent to kill, and the burden is on the State to prove every allegation of the indictment beyond a reasonable doubt.

2. HOMICIDE—ADMISSIBILITY OF THREATS.—In a prosecution for assault with intent to kill, where there is doubt as to who was

the aggressor, threats made by the prosecuting witness, unless too remote, would be competent to show his character for violence and his disposition of mind toward the defendant.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

*Williams & Holloway, Trimble & Trimble* and *Guy E. Williams,* for appellant.

Instruction No. 5, given by the court, is in substance the same instruction given on a former trial, which was the error for which the case was remanded for new trial. *Parsley v. State,* 148 Ark. 518. The giving of this instruction calls for the reversal of the case.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

We concede error in the giving of instruction No. 5.

HART, J. Allie Parsley prosecutes this appeal to reverse a judgment of conviction against himself for the crime of assault with intent to kill.

This is the second appeal in the case, and the evidence is not materially different from that in the former appeal. Reference is made to the opinion for a particular statement of facts. *Parsley v. State,* 148 Ark. 518.

On the former appeal it was held that our statute providing that in homicide cases, if the killing is established, the burden of proving mitigating circumstances justifying or excusing the homicide shall devolve on the accused, does not apply to assault with intent to kill, and the burden is on the State to prove every allegation of the indictment beyond a reasonable doubt.

The judgment was reversed because the trial court had given an instruction embodying this statute in form and substance, and the cause was remanded for a new trial.

Upon the retrial of the case the court again gave substantially the same instruction, and for the reasons given in our former opinion, the judgment must be

again reversed, and the cause remanded for the error in giving this instruction. The Attorney General confesses error in this respect.

It is also insisted by counsel for the defendant that the court erred in refusing to allow the defendant to prove that the prosecuting witness on the day preceding the killing had made violent threats and demonstrations against the defendant, and that the judgment should be reversed because of the failure of the court to allow this proof to go to the jury.

On the part of the State it is admitted that the defendant asked questions looking to the introduction of testimony of threats made against the defendant by the prosecuting witness on the day preceding the shooting, but it is insisted that the exclusion of the testimony should not be considered on appeal because the defendant did not offer to show what the answer to the question would be. See *Webb* v. *State,* 150 Ark. 75.

Whatever may be the state of the record on this point, we deem it necessary to decide the question in view of another trial. The defendant, Parsley, was charged with shooting Frank Gassoway. The evidence on the part of the State and of the defendant was in direct conflict as to who was the aggressor. It is well settled in this State that threats, whether communicated or uncommunicated, are admissible when there is doubt as to who was the aggressor, and some evidence has been given which tends to show that the act was done in self-defense. Threats would be competent to show the character of Gassoway for violence and his disposition of mind toward Parsley, and thus be considered by the jury in determining who was the aggressor. *Lee* v. *State,* 72 Ark. 436; *Harper* v. *State,* 79 Ark. 549; *Turner* v. *State,* 128 Ark. 565; and *Blackburn* v. *State,* 135 Ark. 388.

Of course, where the threats were too remote both in circumstances and time to afford any reasonable presumption or inference of connection between the occasion

when the threats were made and the difficulty under investigation, they are not admissible. *Turner* v. *State,* 128 Ark. 565, and *Fowler* v. *State,* 130 Ark. 365.

For the error in giving the, instruction as indicated in the opinion, the judgment must be reversed, and the cause remanded for a new trial.